EDWARD B. LYNCH, Respondent, *v.* GEORGE W. LYNCH, Appellant.

*Code of Civil Procedure, section* 392 — *complaint thereunder, when sufficient.*

The complaint in an action alleged that one Sophia Lynch died in 1876, leaving a husband and three children, of whom the plaintiff was one and the defendant another; that plaintiff was five years old at the time of his mother's death, and that the defendant converted the property of his mother to his own use more than six years before the commencement of the action; that plaintiff learned of such conversion one year before he brought his suit, and had demanded his share of the property, which was refused. The relief demanded was for the possession of the plaintiff's share of the property or for an accounting.

Upon an appeal from a judgment overruling a demurrer interposed to the plaintiff's complaint,

*Held,* that the action could be maintained under section 392 of the Code of Civil Procedure; that it was entirely unnecessary to state whether Sophia Lynch died testate or intestate, or whether any executors or administrators of her property or estate were ever appointed, or whether an action had been commenced by them in respect to the cause of action stated in the complaint; that such facts, if they existed, were matters of defense and could be set up by the defendant in his answer.

APPEAL by the defendant, George W. Lynch, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 29th day of January, 1895, upon the decision of the court rendered after a trial at the Kings County Special Term overruling the defendant's demurrer to the plaintiff's complaint.

*W. Wickham Smith,* for the appellant.

*Horace Graves,* for the respondent.

DYKMAN, J.:

This is an appeal from a judgment overruling a demurrer to the plaintiff's complaint, which contained the following allegations in substance : Sophia Lynch died in 1876, leaving a husband and three children, of whom the plaintiff is one and the defendant is another.

The plaintiff was five years old at the time of his mother's death, who at that time was the owner of a market stand, stocks and household furniture. The defendant converted this property to his own use more than six years before the commencement of this action, and the plaintiff learned of such conversion one year before he brought his suit, and demanded his share of the property. His demand was refused. The plaintiff now claims possession of his share of the property or for an accounting.

The defendant demurred to the complaint on the ground, *first,* that it stated no cause of action ; *second,* that there was a misjoinder of causes, plaintiff having sued both in trover and for an accounting.

The action is based upon section 392 of the Code of Civil Procedure, which reads as follows : " For the purpose of computing the time within which an action must be commenced in a court of the State by an executor or administrator to recover personal property taken after the death of a testator or intestate, and before the issuing of letters testamentary or letters of administration, or to recover damages for taking, detaining or injuring personal property within the same period, the letters are deemed to have been issued within six years after the death of the testator or intestate. But where an action is barred by this section any of the next of kin, legatees or creditors who, at the time of the transaction upon which it might have been founded, was within the age of twenty-one

years, or insane, or imprisoned on a criminal charge, may within five years after the cessation of such a disability maintain an action to recover damages by reason thereof, in which he may recover such sum, or the value of such property, as he would have received upon the final distribution of the estate if an action had been seasonably commenced by the executor or administrator."

The cause of action set up by the plaintiff in this suit falls within the foregoing section. The plaintiff is within its provision, for the reason that an action for the recovery of the property owned by the mother was barred by this section, and the plaintiff, at the time of the transaction upon which the action might have been founded, was within the age of twenty-one years. Moreover, this suit was commenced within five years after the cessation of such disability. The children of Sophia Lynch succeeded to the property which she owned at the time of her death by right of succession as her heirs at law. There is no legal presumption that the mother died testate or intestate, or that letters testamentary or of administration were ever issued upon her estate, and it was, therefore, unnecessary to negative either of those facts by any allegation in the plaintiff's complaint.

Neither is there any presumption that a suit was brought within six years after the death of the party by the executor or administrator.

It appears from the complaint that the plaintiff became twenty-one years of age in 1892. Under the provisions of the section quoted he had then five years in which to bring this suit. Under our construction of the section quoted it was entirely unnecessary to state whether the plaintiff died testate or intestate, or whether any executors or administrators of her property or estate were appointed, or whether any action was commenced by them in respect to the cause of action stated in the complaint, but that such facts, if they existed, are matters of defense to the action, and must be so alleged by the defendant in his answer.

The judgment should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs, with leave to defendant to answer in twenty days on payment of costs.